Filed 5/30/23  P. v. Thompson CA2/2

Opinion following transfer from Supreme Court
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATHEW ARLIN THOMPSON,<br><br>    Defendant and Appellant. | B309117<br><br>(Los Angeles County<br>Super. Ct. No.<br>NA091280) |

THE COURT:

Pursuant to the April 12, 2023, order of the California Supreme Court, we vacate our June 22, 2021, decision in this matter.  Upon reconsideration in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, 232–233 & fn. 6 (*Delgadillo*), we exercise our discretion to conduct an independent review of the record. Based on that independent review, we affirm the trial court's

order denying the Penal Code section 1172.6[1] (former § 1170.95)[2] petition filed by defendant and appellant Mathew Arlin Thompson.

## BACKGROUND

In 2013, a jury found defendant guilty of one count of second degree murder (§ 187, subd. (a); count 1), two counts of attempted murder (§§ 664, 187, subd. (a); counts 6 & 7), and one count of shooting at an inhabited dwelling (§ 246; count 3). (*People v. Thompson* (May 19, 2015, B252528) [nonpub. opn.], p. 2.) The jury also found true gang and firearm enhancement allegations. (*Ibid.*) The trial court sentenced defendant to a total term of 140 years to life in state prison and imposed various fines and fees. (*Id.* at pp. 2, 14.)

On direct appeal, we remanded the matter for the limited purpose of resentencing. (*People v. Thompson*, *supra*, B252528, at p. 16.) We directed the trial court to "strike the 20-year firearm enhancement on count 1; strike the 15-years-to-life gang enhancements on counts 3, 6 and 7; exercise its sentencing discretion on the sentence range for count 3; modify the sentences on counts 6 and 7 to indeterminate life sentences; and strike the $1,000 assessment and surcharge." (*Ibid.*) We affirmed the judgment in all other respects. (*Ibid.*)

Defendant filed a petition for resentencing under section 1172.6 and was appointed counsel. The People filed an

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

2

opposition to the petition and attached, as exhibits, the prosecutor's closing argument and the jury instructions given. Defendant's counsel did not file a reply.

On November 16, 2020, the trial court held a hearing on defendant's petition for resentencing. At the hearing, defendant made a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, which the court denied. The court then denied defendant's petition on the ground that, although defendant was not the actual killer, he was convicted as an aider and abettor and not under the natural and probable consequences doctrine or a felony murder theory of liability. Defendant timely appealed from the court's order.

Counsel was appointed to represent defendant in connection with this appeal. After reviewing the record, appointed counsel filed a brief raising no issues and asking this court to independently review the entire record on appeal for arguable issues, pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel stated that she had informed defendant that he could file a supplemental brief and had sent him the transcripts of the record on appeal and a copy of the opening brief.

On April 2, 2021, we sent a notice to defendant stating the following: "Counsel appointed to represent appellant on appeal has filed an appellant's opening brief that raises no issues. ([*Wende, supra,*] 25 Cal.3d [at p.] 442.) [¶] Appointed counsel is directed to send the record of this appeal and a copy of appellant's opening brief to appellant immediately. Within 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider."

Because we did not receive a supplemental brief from defendant, on June 22, 2021, we dismissed the appeal as abandoned.

Defendant filed a petition for review with the California Supreme Court, which was granted on August 25, 2021. In an order filed on April 12, 2023, the California Supreme Court transferred the case back to this court "with directions to vacate [our] decision and reconsider whether to exercise [our] discretion to conduct an independent review of the record or provide any other relief in light of [*Delgadillo, supra,*] 14 Cal.5th [at pp.] 232–233 & fn. 6."

On April 25, 2023, defendant's appointed counsel filed a brief asking us to "either conduct an independent review of the record or, alternatively, to provide [defendant] with an opportunity to file a supplemental brief prior to dismissing the appeal as abandoned . . . ." On May 3, 2023, the People filed a letter indicating that it had "no objection to [defendant]'s proposal[.]"

## DISCUSSION

*Delgadillo* prescribed the following procedures when appointed counsel finds no arguable issues in an appeal from the denial of a section 1172.6 petition:

"(1) [C]ounsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.]

4

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citations.] If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.] If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter. [Citation.] While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal. [Citations.]" (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

Here, we provided notice to defendant before *Delgadillo* was issued. Although our notice informed defendant of his right to file a supplemental brief, it did not inform him that his appeal could be dismissed if a supplemental brief was not filed. Additionally, the notice "affirmatively cited *Wende* after [defendant]'s counsel had filed a brief pursuant to *Wende*." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.) Thus, "the notice in this case was suboptimal." (*Ibid.*)

Under these circumstances and "in the interest of judicial economy" (*Delgadillo*, *supra*, 14 Cal.5th at p. 222), we have exercised our discretion to undertake an independent review of the entire record on appeal. Based on this independent review, we determine that defendant is not entitled to any relief under section 1172.6. We are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issues exist.

5

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____
LUI, P. J.        ASHMANN-GERST, J.       CHAVEZ, J.